NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES LAFFERTY, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BRIAN WILLIAMS, Warden; JOHN, Nurse, <br><br> Defendants, <br><br> and <br><br> ROBERSON, Officer; S/C.O.; GLENN FOWLER, Sgt; SANTOS, true name: Isaiah Santos, <br><br> Defendants-Appellees. | No.  20-15061 <br><br> D.C. No. 3:16-cv-00279-RCJ-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Charles Lafferty, Jr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment claim for excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Lafferty's excessive force claim as to defendant Santos because Lafferty failed to raise a genuine dispute of material fact as to whether Santos used pepper spray "maliciously and sadistically to harm him" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

However, summary judgment on Lafferty's excessive force claim as to defendants Roberson and Fowler was not proper. Lafferty alleged in his verified complaint that Roberson helped to hold Lafferty "completely immobile" while Fowler punched him in the head upwards of fifteen times, and that Roberson and Fowler carried him by his hair and ankle shackles. He also alleged that he has suffered from a "dramatically altered sleeping pattern since the day of this event." Viewing the evidence in the light most favorable to Lafferty, he raised a genuine dispute of material fact as to whether defendants Roberson and Fowler acted maliciously and sadistically. *See id.*; *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) ("A plaintiff's verified complaint may be considered as an affidavit

in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence."); *see also Furnace*, 705 F.3d at 1026 (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"). We reverse summary judgment as to defendants Roberson and Fowler and remand for further proceedings.

Lafferty's motion to reassign his case to a new judge on remand (Docket Entry No. 21) is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**